FILED

OCT 08 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CONRAD A. ROCKENHAUS, § | CIVIL ACTION NO. W03CA330 | |
| Plaintiff, § | | |
| v. § | JURY TRIAL DEMANDED | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC., § | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF | |
| DYNAMIC RECOVERY SERVICES, INC., and § | | |
| SBC COMMUNICATIONS, INC. § | | |
| Defendants. § | | |

## PLAINTIFF'S ORGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Conrad A. Rockenhaus, for his Original Complaint against Defendants Portfolio Recovery Associates, LLC., ("PRA"), Dynamic Recovery Services, Inc. ("DRS"), and SBC Communications, Inc., ("SBC") (hereinafter PRA, DRS, and SBC are collectively referred to as "Defendants"), alleges as follows:

### I.
### PARTIES

1. Plaintiff Conrad A. Rockenhaus is an individual resident of the State of Texas.

2. Upon information and belief, PRA is a Virginia Limited Liability Company having a business address of 1025 Downshire Chase, Virginia Beach, VA, 23452. Defendant PRA may be served by serving its registered agent for service of process within the Commonwealth of Virginia, Judith S. Scott, 120 Corporate Blvd., Ste. 100, Norfolk, VA, 23502.

3. Upon information and belief, Defendant DRS is a Texas Corporation having a business address of 2775 Villa Creek, Ste. 290, Farmers Branch, TX, 75234. Defendant DRS may be served by

PLAINTIFF'S ORIGINAL COMPLAINT- PAGE 1

serving its registered agent for service of process within the State of Texas, Craig G. Ongley, 901 Main St. Ste. 6000, Dallas, TX, 75202.

4. Upon information and belief, Defendant SBC is a Delaware Corporation having a business address of 175 E. Houston, San Antonio, TX, 78205. Defendant SBC may be served by serving its registered agent for service of process within the State of Texas, CT Corporation System, 350 N. St. Paul, Dallas, TX, 75201.

## II.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. § 1681 *et seq.* as well as the Fair Debt Collections Practices Act ('FDCPA'), 15 U.S.C. § 1601 *et seq.*

6. This Court has personal jurisdiction over Defendants as Defendants regularly and systematically conduct business in Texas, and because Defendants' acts and omissions giving rise to the causes of action asserted herein occurred in Texas.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) as the Defendants have committed acts and omissions giving rise to the causes of action asserted herein in this District, and because Defendants have personal jurisdiction in this District.

## III.
## FACTS

### A. Conrad Alan Rockenhaus

8. Conrad Alan Rockenhaus (hereinafter referred to as Conrad Rockenhaus or Rockenhaus) is a college student majoring in Mathematics and International Studies. From the time period of 1997 through the present, he has established his permanent home of record to be within the Greater Waco area. His date of birth is February 3, 1982.

### B. Identity Theft

9. On or around February of 1999, Rockenhaus was a victim of identity theft, and had his Social Security Number ('SSN'), date of birth ('DOB'), and Driver's License Number ('DLN') stolen by

an unknown individual/individuals. Rockenhaus suspects an individual to be behind the theft, but does not have evidence to prove otherwise. Rockenhaus is still being affected by identity theft into this present time, in both his credit profile and his employment records with the Social Security Administration.

10. Rockenhaus did not discover he was indeed a major victim of identity theft until November of 2001, when Rockenhaus applied for a corporate credit card for employment purposes and was denied due to numerous "Charge offs" and "Collection Accounts" on his credit file.

11. Rockenhaus then contacted the Credit Reporting Agencies ('CRAs'), who are known by their company names as Experian, TransUnion, and Equifax, since they are responsible for maintaining credit information for individuals. Rockenhaus was told by the CRAs to file a "fraud alert" on his credit profiles and dispute credit items that were not his.

12. Rockenhaus received his initial credit reports from Experian, TransUnion ('Exhibit A'), and Equifax/CSC Credit Services and proceeded to send disputes to the CRAs.

13. This action is the result of various violations of laws and Rockenhaus' rights and privacy as the result of the underlying identity theft.

C. **Southwest Credit Systems/TransUnion Credit Profile**

14. On or about November 25, 2001 Rockenhaus disputed an item entitled "SW CRDT SYS", account number: 4852902, original creditor: "SW BELL RES TX" on his TransUnion credit report as a fraudulently opened item. The dispute is attached as exhibit 'B'.

15. Upon information and belief, "SW CRDT SYS" is the abbreviated name for "Southwest Credit Systems," a risk management and collection company acting under contract for account recovery and collection for Southwestern Bell Residential Services, Texas.

16. Upon information and belief, Southwestern Bell Residential Services, Texas is a division of Defendant SBC.

17. Upon information and belief, the "SW CRDT SYS" item on exhibit 'A' was for a Southwestern Bell Telephone account which Rockenhaus had no knowledge of, no written or oral contract

authorized, or utilization by Rockenhaus. With these facts in mind, Rockenhaus believes this account was fraudulently opened as the result of Rockenhaus' identity theft.

18. On or about December 26, 2001 Rockenhaus received notification (Exhibit 'C') from TransUnion that the item "SW CRDT SYS," the collection account for the Southwestern Bell account, was no longer on Rockenhaus' TransUnion credit profile.

19. Since the item was removed from Rockenhaus' credit profile, Rockenhaus felt the matter was resolved, since the supplier of information in this case, Southwest Credit Systems and Defendant SBC, receives all disputes filed with the CRAs from the CRAs, and has the opportunity to prove the validity of an item, as required by the FCRA (15 U.S.C § 1681i (a)(2)(A)).

**D.** **Police Report and Fraud Affidavit**

20. On or about June 1, 2002, Rockenhaus was advised to file a police report and execute a fraud affidavit to remove a fraudulently opened TXU account from his credit profile.

21. On or about June 4, 2002, Rockenhaus executed a Fraud Affidavit ('Exhibit D').

22. On or about June 6, 2002, Rockenhaus filed a police report with the Fort Worth Police Department ('Exhibit E').

**E.** **Dynamic Recovery Services, Inc.**

23. On or about July 29, 2002, Rockenhaus received a copy of his Experian Credit Profile (Exhibit 'F'). On this profile, he noticed a collection account entry made on or about July of 2002 from Defendant DRS.

24. Rockenhaus noticed that the collection account entry was for an account with "Southwestern Bell Telephone," the same account referenced in paragraph 14 of this complaint.

25. Upon information and belief, Defendant DRS is a collection and risk management company that is under contract by Defendant SBC to attempt to collect on this fraudulent account.

26. On or about July 29, 2002, Rockenhaus disputed the entry made by Defendant DRS on his Experian Credit Profile since it was the same item in paragraph 14 of this complaint, a collection item for a fraudulently opened account, as seen on exhibits 'D' and 'E.'

27. On August 6, 2002, Rockenhaus sent Defendant DRS a demand for validation pursuant to the FDCPA (15 U.S.C. § 1692g(b)) of the collection account shown on exhibit 'F' via certified mail, return receipt requested. The letter stated that the account was fraudulent, but if Defendant DRS wished to continue collection action, DRS needed to validate the account with thirty (30) days of receipt. Defendant DRS received the letter on August 7, 2002. The letter and proof of delivery is attached as exhibit 'G.'

28. On August 21, 2002, fifteen (15) days after sending the first letter to DRS, Rockenhaus still did not receive a response. Rockenhaus sent DRS another letter informing them of their violations of the FCRA and FDCPA and demanding validation of the account. Rockenhaus also informed DRS again that this account was fraudulently opened, and that they had fifteen (15) days to validate the debt. The letter was sent to DRS via certified mail, return receipt requested, and the letter and proof of delivery is attached as exhibit 'H.'

29. On or about August 30, 2002, Rockenhaus received notification from Experian (Exhibit 'I') that the DRS collection entry on his Experian credit profile had been verified as accurate and will remain. DRS verified the account with Experian while this account was still in the process of dispute pursuant to the FDCPA (15 U.S.C. § 1692g(b)).

30. On September 3, 2002, Rockenhaus still had not received a response from DRS regarding the status or validation of the Southwestern Bell collection account. Rockenhaus sent a final request for validation, and informed DRS of the fact that the account was being reported inaccurately and erroneously. Rockenhaus also notified DRS that their lack of response is considered willful violation of the FDCPA and FCRA. The letter was sent via Certified Mail, Return Receipt Requested, and the letter and the proof of delivery is attached as exhibit 'J.'

31. On or about September 3, 2002, Rockenhaus received a letter from DRS notifying Rockenhaus that his dispute was received and that upon consultation with Defendant SBC, Defendant SBC informed Defendant DRS to remove the DRS collection account from Rockenhaus' credit profile and return the account to Defendant SBC. Defendant DRS also requested that Rockenhaus contact a "JP Zatkos," a Vice President of Operations for DRS if Rockenhaus had any questions. The letter and its attachments are attached as exhibit 'K.'

32. On or about September 5, 2002, Rockenhaus received notification from Experian (Exhibit 'L') that the DRS collection item on his credit profile has been reviewed and deleted.

33. On September 6, 2002, Rockenhaus contacted Defendant DRS and spoke with JP Zatkos. Rockenhaus requested that JP Zatkos release Defendant SBC's address and phone numbers to Rockenhaus pursuant to the FDCPA - (15 U.S.C. § 1692g(b)). Mr. Zatkos told Rockenhaus that the information will be relayed to Rockenhaus within three (3) days.

34. On September 12, 2002, Rockenhaus still did not have the information requested on September 6, 2002. Rockenhaus then sent a letter to Defendant DRS and Defendant DRS' Registered Agent. The letter and proof of delivery is attached as exhibit 'M'.

35. On or about September 16, 2002, Rockenhaus received a call from JP Zatkos informing Rockenhaus of a phone number for Defendant SBC. Mr. Zatkos also requested that Rockenhaus do not disclose to Defendant SBC how he received their information. Mr. Zatkos also instructed Rockenhaus that his correspondence was forwarded to Defendant SBC, and that Defendant SBC was specifically told it was a fraudulent account.

F. **SBC Communications, Inc.**

36. On or about September 17, 2002, Rockenhaus contacted Defendant SBC with the information obtained from Defendant DRS. Defendant SBC instructed Rockenhaus that the account was turned over as fraudulent, and that no further action was needed on Rockenhaus' part.

37. Rockenhaus took this statement from Defendant SBC that the situation with this account was resolved.

### Portfolio Recovery Associates, Inc.

38. On or about April 4, 2003, Defendant PRA sent Rockenhaus a collection letter (Exhibit 'N') for a Southwestern Bell Telephone account with account number 8173038688402, the same account as referenced in paragraphs 14 and 18 in this complaint.

39. In response to the letter labeled exhibit 'N', Rockenhaus sent a dispute letter via Certified Mail, requesting validation of the account pursuant to the FDCPA (15 U.S.C. § 1692g(b). This letter also notified Defendant PRA that the account was opened fraudulently, and that Defendant PRA had thirty (30) days to respond to the request to avoid litigation of this matter. This letter and the proof of delivery is attached as exhibit 'O'.

40. On or about April 14, 2003, Defendant PRA posted a negative collection item for this account on Rockenhaus' Equifax Credit Profile (Exhibit 'P'). Defendant PRA posted this negative item before the end of the thirty (30) day dispute period Rockenhaus had pursuant to the FDCPA (15 U.S.C. § 1692g(a).)

41. Rockenhaus disputed this item with Equifax/CSC as shown in exhibit 'Q' but has not received a response as to the status of this investigation, and as of this date, this item still remains on Rockenhaus' Equifax Profile, but under a disputed status.

42. On or about April 14, 2003, Defendant PRA made an inquiry to Rockenhaus' TransUnion credit profile without any permissible purpose as defined by the FCRA (15 U.S.C § 1681b(f).)

43. On or about April 14, 2003, Defendant PRA posted a negative collection item for this account on Rockenhaus' TransUnion Credit Profile (Exhibit 'R'). Defendant PRA posted this negative item before the end of the thirty (30) day dispute period Rockenhaus had pursuant to the FDCPA (15 U.S.C. § 1692g(a).)

44. To this date, the item in exhibit 'R' placed by PRA still remains on Rockenhaus' TransUnion Credit Profile, but under a disputed status.

45. On or about April 19, 2003, Defendant PRA posted a negative collection item for this account on Rockenhaus' Experian Credit Profile (Exhibit 'S'). Defendant PRA posted this negative item before the end of the thirty (30) day dispute period Rockenhaus had pursuant to the FDCPA (15 U.S.C. § 1692g(a).)

46. Rockenhaus disputed this item as shown in exhibit 'S' and the item from Defendant PRA was deleted from Rockenhaus' Experian Credit Profile by Experian (Exhibit 'T') since the account was indeed fraudulent.

47. In response to the letter Rockenhaus sent, exhibit 'O', Defendant PRA sent Rockenhaus a response letter (Exhibit 'U') requesting a fraud affidavit and copies of all communications regarding this account. Defendant PRA also stated in the letter that they requested account validation documents from Defendant SBC and would forward validation documents as soon as Defendant PRA received them.

48. In response to the letter labeled exhibit 'U', Rockenhaus sent Defendant PRA a response letter (Exhibit 'V') via facsimile, and certified mail, return receipt requested, stating that the account was opened fraudulently, and that copies of the fraud affidavit ('D'), the police report ('E'), and a letter from Defendant DRS ('K') were included in the letter labeled 'V'. The letter also requested that validation of this account, or deletion of this account and various credit inquires from Rockenhaus' credit profile by May 23, 2003. Proof of delivery via certified mail, return receipt requested, is attached within exhibit 'V'.

49. Rockenhaus never received a response from Defendant PRA to the letter titled 'V'.

50. Rockenhaus then sent Defendant PRA a letter on May 19, 2003 via facsimile and certified mail, return receipt requested, requesting full validation of the account, or removal from Rockenhaus' credit profile by May 23, 2003. This letter and its proof of delivery via facsimile and certified mail, return receipt request, is attached as exhibit 'W'.

51. To this date, Rockenhaus has not received a response from Defendant PRA.

IV.
<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>- PAGE 8

# CAUSES OF ACTION

## H. Defendant Portfolio Recovery Associates

### COUNT ONE:
### VIOLATION OF THE FAIR DEBT COLLECTION
### PRACTICES ACT – 15 U.S.C. § 1962g(b)

52. Rockenhaus repeats and realleges the allegations of paragraphs 1-46 as if fully set forth herein.

53. Defendant PRA violated 15 U.S.C. § 1962g(b) by not ceasing collection of this debt until receiving documentation validating this debt and forwarding to Plaintiff Rockenhaus.

54. By continuing to report the PRA collection item to Rockenhaus' TransUnion and Equifax reports, as shown in exhibits P and R, Defendant PRA is showing their willful violation of 15 U.S.C. § 1962g(b) since they are continuing to report the items to Rockenhaus' credit profiles, but have not responded to any request for validation of the debt.

### COUNT TWO:
### VIOLATION OF THE FAIR DEBT COLLECTION
### PRACTICES ACT – 15 U.S.C. § 1962e(8)

55. Rockenhaus repeats and realleges the allegations of paragraphs 1-54 as if fully set forth herein.

56. Defendant PRA violated 15 U.S.C. § 1962e(8) by communicating to persons credit information which is known or should be known as false, and failing to communicate that a disputed debt is indeed disputed.

57. By continuing to report the PRA collection item to Rockenhaus' TransUnion and Equifax reports, as shown in exhibits P and R, Defendant PRA is showing their willful violation of 15 U.S.C. § 1962e(8) because the reports are available to any organization that has an authorized reason to view Rockenhaus' credit, as shown in exhibits P and R.

### COUNT THREE:
### VIOLATION OF THE FAIR CREDIT REPORTING
### ACT – 15 U.S.C. § 1681s-2(a)(1)(A)

58. Rockenhaus repeats and realleges the allegations of paragraphs 1-57 as if fully set forth herein.

59. Defendant PRA violated 15 U.S.C. § 1681s-2(a)(1)(A) by reporting information to credit bureaus that Defendant PRA knows is inaccurate.

60. Since Defendant PRA was sent proof, attached as exhibits D, E and K that the PRA collection item was indeed invalid and since Defendant PRA did not challenge the validity of the evidence, Defendant PRA is showing their willful violation of 15 U.S.C. § 1681s-2(a)(1)(A) since PRA is continuing to report information to the credit bureaus, shown in exhibits P and R, that PRA knows is inaccurate.

## COUNT FOUR:
## VIOLATION OF THE FAIR CREDIT REPORTING
## ACT – 15 U.S.C. § 1681s-2(a)(1)(B)

61. Rockenhaus repeats and realleges the allegations of paragraphs 1-60 as if fully set forth herein.

62. Defendant PRA violated 15 U.S.C. § 1681s-2(a)(1)(B) by reporting information to credit bureaus after notice and confirmation of errors in that information.

63. Since Defendant PRA was sent proof, attached as exhibits D, E, and K that the PRA collection item was indeed in error and since Defendant PRA did not challenge the validity of the evidence, Defendant PRA is showing willful violation of 15 U.S.C. § 1681s-2(a)(1)(B) since PRA is reporting information to credit bureaus, as shown, in exhibits P and R after notice and confirmation of errors in that information.

## COUNT FOUR:
## VIOLATION OF THE FAIR CREDIT REPORTING
## ACT – 15 U.S.C. § 1681s-2(a)(2)(B)

64. Rockenhaus repeats and realleges the allegations of paragraphs 1-63 as if fully set forth herein.

65. Defendant PRA violated 15 U.S.C. § 1681s-2(a)(2)(B) by not promptly notifying the credit bureaus of the fact that the PRA collection item information is inaccurate and needs to be removed from Rockenhaus' file.

66. Since Defendant PRA was sent proof, attached as exhibits D, E, and K that the PRA collection item was indeed in error and since Defendant PRA did not challenge the validity of the evidence, Defendant PRA is showing willful violation of 15 U.S.C. § 1681s-2(a)(2)(B) since PRA has not requested the credit bureaus remove the information, as shown in exhibits P and R.

### COUNT FIVE:
### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681s-2(b)(1)(D)

67. Rockenhaus repeats and realleges the allegations of paragraphs 1-66 as if fully set forth herein.

68. Defendant PRA violated 15 U.S.C § 1681s-2(b)(1)(D) by not submitting notification to all nationwide credit bureaus combined that the PRA collection item was indeed inaccurate.

69. Since Defendant PRA was sent a dispute of the PRA collection item on Rockenhaus' report by Experian, as shown in exhibit S, and the PRA collection information was deleted by Experian on Rockenhaus' report, as shown by exhibit T, PRA is required by law to submit notification to other nationwide credit bureaus that the item was inaccurate and should be deleted. Defendant PRA willfully violated 15 U.S.C. § 1681s-2(b)(1)(D) as shown by exhibits P and R.

I. **Defendant Dynamic Recovery Services, Inc.**

### COUNT SIX:
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1962g(b)

70. Rockenhaus repeats and realleges the allegations of paragraphs 1-69 as if fully set forth herein.

71. Defendant DRS violated 15 U.S.C. § 1962g(b) by refusing to turn over, in writing, Defendant SBC's formal contact information and mailing address.

**PLAINTIFF'S ORIGINAL COMPLAINT- PAGE 11**

72. Defendant DRS is obligated by 15 U.S.C. § 1962g(b) to turn over all information regarding an original creditor if demanded by a party in writing, as shown in exhibits G, H, and J. Defendant DRS willfully violated 15 U.S.C. § 1962g(b) by not submitting the information to Rockenhaus.

J. **Defendants Portfolio Recovery Associates, LLC, Dynamic Recovery Services, Inc., and SBC Communications, Inc.**

### COUNT SEVEN:
### COMMON LAW DEFAMATION OF CHARACTER

73. Rockenhaus repeats and realleges the allegations of paragraphs 1-72 as if fully set forth herein.

74. Defendants PRA, DRS, and SBC defamed the character of Rockenhaus by submitting, requesting to be submitted, and reporting information to multiple third parties that is knowingly inaccurate, disputed, and invalid.

75. SBC by requesting that Defendants DRS and PRA report this item to Credit Bureaus, defamed Rockenhaus' character by reporting information that was inaccurate. SBC received proof that the information was inaccurate from DRS. SBC, in response to the information, turned the account over to PRA.

76. PRA, by reporting this account to third parties and refusing to correct invalid information, defamed Rockenhaus' character by inaction and willful negligence.

77. DRS, caused Rockenhaus' character to be defamed by inaction and willful violation of the FDCPA.

### COUNT EIGHT:
### COMMON LAW FRAUD

78. Rockenhaus repeats and realleges the allegations of paragraphs 1-77 as if fully set forth herein.

79. Defendants PRA, DRS, and SBC committed fraud against Rockenhaus by refusing to comply with federal statues and demanding payment of a debt that Rockenhaus was never responsible for, nor ever claimed responsibility.

80. Defendants PRA, DRS, and SBC were holding this debt over Rockenhaus and refusing to let him move on, even though the debt was not his, by committing fraud.

## COUNT NINE:
## CIVIL CONSPIRACY:
## CONSPIRACY TO DEFRAUD ROCKENHAUS AND DEFAME ROCKENHAUS' CHARACTER

81. Rockenhaus repeats and realleges the allegations of paragraphs 1-80 as if fully set forth herein.

82. Defendants PRA, DRS, and SBC conspired to defraud Rockenhaus of monies he does not owe, nor is responsible for, and conspired to defame Rockenhaus' character when PRA, DRS, and SBC overlooked and deliberately ignored evidence proving Rockenhaus innocent of owing the monies.

83. As shown throughout this complaint, Defendants PRA, DRS, and SBC had many opportunities to correct and clear Rockenhaus' name, but instead, conspired against Rockenhaus to defraud Rockenhaus of property, reputation, and monies.

## COUNT TEN:
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

84. Rockenhaus repeats and realleges the allegations of paragraphs 1-83 as if fully set forth herein.

85. Defendants PRA, DRS, and SBC did cause tortuous interference with Rockenhaus' prospective business with creditors and employers, causing damage to Rockenhaus financially and his creditworthiness.

86. Such acts were unlawful and committed against Rockenhaus willfully, intentionally, and with complete disregard of Rockenhaus' life.

## V.
## REQUEST FOR JURY TRIAL

87. Rockenhaus hereby requests a jury trial.

## VI.
## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Rockenhaus, respectfully requests that Defendants be cited to appear and answer this suit, and prays for judgment that:

A. Removes all items and activities on Rockenhaus' credit profiles with any and all credit bureaus, collection agencies, and/or risk management agencies forever.

B. Dismiss the debt that Defendant SBC claims Rockenhaus owes SBC as the result of a fraudulent use of Rockenhaus' identity.

C. Defendant PRA has willfully violated several of Rockenhaus' rights granted to him by the FDCPA. The FDCPA provides damages for violation thereof, for actual damages and for statutory damages capped at $1,000.

    a. Rockenhaus estimates his actual damages to be around $5,000 by Defendant PRA's violation of the FDCPA, and hereby requests damages of $6,000 total for Defendant PRA's willful and wanton violations of the FDCPA.

D. Defendant PRA has willfully violated several of Rockenhaus' rights granted to him by the FCRA. The FCRA provides damages for violation thereof, for actual damages and for statutory damages capped at $1,000.

    a. Rockenhaus estimates his actual damages to be around $8,000 by Defendant PRA's violations of the FCRA, and hereby requests damages of $9,000 total for Defendant PRA's willful and wanton violations of the FCRA.

E. Defendant DRS has willfully violated Rockenhaus' rights granted to him by the FDCPA. The FDCPA provides damages for violation thereof, for actual damages and for statutory damages capped at $1,000.

    a. Rockenhaus estimates his actual damages to be around $200 by Defendant DRS's violations of the FDCPA, and hereby requests damages of $1,200 total for Defendant DRS's willful and wanton violation of the FDCPA.

F. Defendants, and each of them have caused mental anguish, suffering, embarrassment, stress, and financial hardship by their character defamation, conspiracy to defraud, and attempt to defraud Rockenhaus. Defendants, and each of them, by their illicit actions have caused Rockenhaus to be denied credit totaling $85,000, employment with a yearly salary of $32,000, and higher interest payments totaling

$2,121.96 per year. As the results of such injuries, Rockenhaus hereby requests compensation in the amount of $119,121.96, excluding other damages sought, as compensation for his denial of employment, credit, and increased interest charges. Rockenhaus requests that these damages exclude all other requests for damages. Rockenhaus is still affected by such actions caused by the Defendants' actions, and Defendants' actions have been willful and wanton, and committed with malice and fraud.

G. Rockenhaus hereby requests punitive damages in the amount of $450,000 for his mental grief, anguish, embarrassment, financial hardship, and character defamation Rockenhaus requests that these damages exclude all other requests for damages. Rockenhaus expects to have the affects of such anguish for a long time, and Defendants' actions have been willful and wanton, and committed with malice and fraud.

H. Rockenhaus requests these damages because the Defendants and each of them, actions in this case have been illicit, stressful, embarrassing, and shameful. Defendants' acts have been willful and wanton, and committed with malice and fraud.

I. The Court find the Defendants jointly and severally liable for all damages awarded Rockenhaus, other than punitive damages, on grounds that the Defendant's actions were part of a civil conspiracy against Rockenhaus.

J. Defendants, and each of them, be required to pay pre-judgment on all amounts awarded, and post-judgment interest, until paid, at the highest lawful rate.

K. Defendants, and each of them, be required to pay all legal and possible attorney fees, costs, disbursements, and other fees related to this case; and

L. Rockenhaus have such other relief as the Court deems just and equitable.

Dated this 8th day of October, 2003

Respectfully submitted,

*Conrad A Rockenhaus*
Conrad Rockenhaus
116 Neely Rd.
Hewitt, TX 76643
(254) 733-1861

PLAINTIFF PRO SE